UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Renzer Bell

       Plaintiff,

-against-

Daniel H. Plante a/k/a Daniel Plante, Loriann A.

Plante, Lindsey Taylor Plante, Dan's Detailing of

Melbourne, LLC, and "ABC Corporations 1-55" being

unknown, and fictitious at this time,

       Defendants.

Case No.:**22 CV ()()**

# **COMPLAINT**

## **JURY TRIAL DEMANDED**

The Plaintiff pro se Renzer Bell, ("Plaintiff"), as and for its complaint against defendant, Daniel H. Plante, respectfully pleads the Third, and Fourth Causes of Action in the alternative, and respectfully alleges as follows:

## **JURISDICTION AND VENUE**

1. That this Court has jurisdiction over the subject matter of this action under 28 U.S.C. Section 1331, by virtue of the Complaint causes of action alleging violation of the Federal Civil RICO Statute, 18 U.S.C. § 1961, and 18 U.S.C. § 1964, in the Third Cause of Action, 42 § U.S.C. 1981, in the Sixth Cause of Action, and supplemental and pendant jurisdiction pursuant to 28 U.S.C. § 1367.

2. That venue is proper in the Southern District of New York as it is predicated upon the forum selection clause found in paragraph eleven (11) of the Assignment Of Contract Of Sale-Motor Vehicle contract executed by the parties herein stating that "Buyer consents and agrees that all legal proceedings, including but not limited to oral depositions, relating to the subject matter of this Agreement shall be maintained/conducted in courts sitting within the State of New York in Queens, Kings or New York County, and Buyer consents and agrees that jurisdiction and venue for such proceedings shall lie exclusively with such courts". [Exhibit 7 at paragraph eleven (11)].

-1-

## PARTIES

3.      That the Plaintiff is sui juris. That the Plaintiff is both African-American, and party to the subject contract sought to be enforced in this action [Exhibit 7]. That at all times relevant to the issues at bar, the Plaintiff was and is a merchant as defined in the Uniform Commercial Code, section 2-104; and actively engaged in the business of purchasing and trading a variety of valuable commodity contracts.

4.      The Plaintiff is informed and believes, and based thereon alleges that the defendant Daniel H. Plante is an automobile collector, broker, dealer, and investor. That at all times relevant to the issues at bar, the defendant Daniel H. Plante was and is a merchant as defined in the Uniform Commercial Code, section 2-104; possessing extensive experience in high-end, luxury automobile brokering, collecting, dealing, and sales, and actively engaged in the business of, inter-alia, collecting, and selling high-end luxury automobiles.

5.      The Plaintiff is informed and believes, and based thereon alleges that the defendant Daniel H. Plante is a citizen of the State of Florida, and a resident of the State of Florida residing in Melbourne, Florida, and played an active, and critical role in the RICO organization's artifice, and scheme to defraud the Plaintiff.

6.      The Plaintiff is informed and believes, and based thereon alleges that the defendant Loriann A. Plante is a citizen of the State of Florida, and a resident of the State of Florida residing in Melbourne, Florida, and played an active role in the RICO organization's artifice, and scheme to defraud the Plaintiff.

7.      The Plaintiff is informed and believes, and based thereon alleges that the defendant Lindsey Taylor Plante is a citizen of the State of Florida, and a resident of the State of Florida residing in Melbourne, Florida, and played an active role in the RICO organization's artifice, and scheme to defraud the Plaintiff.

8.      The Plaintiff is informed and believes, and based thereon alleges that the defendant Dan's Detailing of Melbourne, LLC is a Florida domiciled limited liability company doing business in the State of Florida, with its principal place of business situated in Melbourne, Florida, and played a critical role in the artifice, and scheme to defraud the Plaintiff.

9.      The Plaintiff is informed and believes, and based thereon alleges that the defendant Daniel H. Plante is the husband of the defendant Loriann A. Plante, and the father of the defendant Lindsey Taylor Plante, and is also a signatory to the contractual agreement that was also signed by the Plaintiff.

10.     The Plaintiff is informed and believes, and based thereon alleges that the defendant Daniel H. Plante alternatively obtained the help of either a confederate, or his RICO coconspirators to have the subject contract signed by someone other than the defendant Daniel H. Plante in order to guaranty the success of the RICO conspiracy to defraud the Plaintiff[Exhibit A].

11.     The Plaintiff is informed and believes, and based thereon alleges that the defendant Daniel H. Plante alternatively obtained the help of either a confederate, or his RICO coconspirators to have the subject contract signed by someone other than the defendant Daniel H. Plante in order to guaranty the success of the conspiracy to deprive the Plaintiff of the opportunity, and right to enter into a contract with the defendant Daniel H. Plante[Exhibit A].

12.     That the defendant Daniel H. Plante transmitted the subject contract to the Plaintiff via facsimile, stated to the Plaintiff that he signed, and transmitted the subject contract to the Plaintiff via facsimile, and prompted the Plaintiff to tender the consideration due pursuant to the subject contract.

13.     That the Plaintiff began to suspect that the subject contract might contain the signature of someone other than the defendant Daniel H. Plante on, or around October 13, 2020 when the Plaintiff received the defendants' motion to dismiss which included Exhibit A, the purported affidavit of the defendant Daniel H. Plante with the new claim that the signature was a forgery.

## THE NATURE OF THE CASE

14.     That this is an action brought by the Plaintiff, and Seller, of a contract, or contractual right conveying upon the defendant Daniel H. Plante, and Buyer, the right to purchase a 2016 Ford Mustang Shelby GT350R. That the Plaintiff, and Seller, seeks to recover monetary damages in the instant action against the defendant Daniel H. Plante, and Buyer, for anticipatory repudiation of contract, or breach of contract, an account stated, fraud in the inducement, violation of the Plaintiff's right to contract pursuant to 42 § U.S.C. 1981, and further alleges herein that the defendant Daniel H. Plante, and Buyer, and defendants Loriann A. Plante, Lindsey Taylor Plante, and Dan's Detailing of Melbournce, LLC

represent a functioning racketeer influenced corrupt organization that conspired, and worked to commit not less than three (3) related predicate acts which violated United States Federal Criminal Law, and that monetary damages are due the Plaintiff, and Seller, by way of the Federal Civil RICO Statute. That although the consideration tendered by the Plaintiff, and Seller, was a "*buyer's order/purchase agreement/bill of sale/contract*" as identified in Exhibit 7, it is respectfully suggested that best business practices inform adherence to Article One (1), and Article Two (2) of the Uniform Commercial Code in the interaction with commercial counterparts.

15.    That in, or about April 2016, Performance Ford Lincoln of *Charlotte, North Carolina*, the car dealer for purposes of the contract which is the subject matter of the instant action, extended to the Plaintiff, and Seller, the opportunity to purchase the underlying 2016 Ford Mustang Shelby GT350R, and the Plaintiff, and Seller, elected to proceed to enter into a contract to purchase the underlying 2016 Ford Mustang Shelby GT350R from Performance Ford Lincoln[Exhibits 0, 2, 3, 4, and 5].

16.    That the Plaintiff, and Seller, tendered earnest money, and returned a signed contract to Performance Ford Lincoln, in, or about April 2016 to establish the contractual relationship with Performance Ford Lincoln, and the right to purchase the underlying 2016 Ford Mustang Shelby GT350R[Exhibits 0, 2, 3, 4, and 5].

17.    The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the 2016 Ford Mustang Shelby GT350R is a limited production, five hundred (500) total automobiles, high performance automobile produced by Ford.

18.    The Plaintiff, and Seller, is informed and believes, and based thereon alleges that enthusiasts paid as much as $175,000.00 which roughly equates to $110,000.00 above its MSRP, Manufacturer's Suggested Retail Price, for 2015 Ford Mustang Shelby GT350R, and 2016 Ford Mustang Shelby GT350R examples of this highly sought after, limited production automobile.

19.    That pursuant to the Plaintiff, and Seller's, patronage, Performance Ford Lincoln also extended the opportunity to the Plaintiff, and Seller, in, or about April 2016, to purchase the company's first allocated 2017 Ford Mustang Shelby GT350R automobile.

-4-

20.   That the Plaintiff, and Seller, agreed to purchase the first allocated 2017 Ford Shelby GT350R from Performance Ford Lincoln, and received a second contract to memorialize the agreement between the parties.

21.   That the Plaintiff, and Seller, listed, and offered the opportunity to purchase the contract, or contractual right to purchase the underlying 2016 Ford Mustang Shelby GT350R on eBay in, or about April 2016, or May 2016.

22.   That the defendant Daniel H. Plante, and Buyer, initiated contact with the Plaintiff, and Seller, via instant message over the eBay website in, or about May 2016 providing his cellular telephone number, (321)403-3475(cell), and subsequently his email address, DanLoriLin@CFLRR.com, to discuss the transaction which is the subject of the instant action[Exhibit 6].

23.   That the Plaintiff, and Seller, and the defendant Daniel H. Plante, and Buyer, communicated via the eBay instant message utility, via facsimile utilizing United States of America telephone lines, via the aforementioned email address provided by defendant Daniel H. Plante, and Buyer, or via the aforementioned cellular telephone number provided by the defendant Daniel H. Plante, and Buyer.

24.   The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendant Daniel H. Plante, and Buyer, served as the chief executive officer of the defendants' RICO association/organization, and in the leadership role, initiated, and conducted all communication with the Plaintiff, and Seller, over telephone lines situated within the United States of America from the defendant Daniel H. Plante, and Buyer's, various locations in Melbourne, Florida.

25.   That during each, and every telecommunication with the defendant Daniel H. Plante, and Buyer, the Plaintiff, and Seller, was situated within the United States of America, and utilized the telecommunication, and telephone line infrastructure within the United States of America.

26.   That the Plaintiff, and Seller, contacted the defendant Daniel H. Plante, and Buyer, utilizing the aforementioned telephone number provided by the defendant Daniel H. Plante, and Buyer, and the Plaintiff, and Seller, and the defendant Daniel H. Plante, and Buyer, agreed to the contractual terms including but not limited to the strike price for the underlying 2016 Ford Mustang Shelby GT350R automobile.

27.    That is it noteworthy that the Plaintiff, and Seller constructed the contract only after making reasonable inquiry of the defendant Daniel H. Plante, and Buyer, asking among other questions for the home address of the defendant Daniel H. Plante, and Buyer.

28.    That the defendant Daniel H. Plante, and Buyer, stated unequivocally to the Plaintiff, and Seller, that his home address was 6006 Newbury Circle, Melbourne, Florida 32940 pursuant to which the Plaintiff, and Seller inserted 6006 Newbury Circle, Melbourne, Florida 32940 into paragraph one (1) of Exhibit 7.

29.    That the Plaintiff, and Seller, and the defendant Daniel H. Plante, and Buyer, entered into a written contractual agreement, which is the subject matter of the instant action, on, or around May 12, 2016 when the Plaintiff, and Seller, received the signed contract from the defendant Daniel H. Plante, and Buyer, via facsimile number (321)722-3556 requiring the Plaintiff, and Seller, to tender a *buyer's order/purchase agreement/bill of sale/contract* facilitating the acquisition of a 2016 Ford Mustang Shelby GT350R automobile in exchange for the consideration identified in the contract [Exhibit 7].

30.    That the Agreement further requires, "Buyer agrees to hold the consideration due the Seller in trust for the Seller's exclusive benefit upon receipt by the Buyer of the **buyer's order/purchase agreement/bill of sale/contract** from the Seller or car dealer, of said Vehicle. Buyer agrees to remit to Seller, or its agents or assigns, within forty-eight (48) hours of receipt by the Buyer, or its agents or assigns, of the **buyer's order/purchase agreement/bill of sale/contract** from the Seller or car dealer, of said Vehicle the above mentioned **$3,088.00** held in trust plus any and all amounts due pursuant to paragraph 5 below. Buyer agrees to reimburse Seller whatever monies Seller has disbursed to car dealer to secure the purchase of the Vehicle described in paragraph 1 above within seventy-two (72) hours of the signing of this Agreement" [Exhibit 7, paragraph two (2)].

31.    That the Agreement further requires, "Buyer agrees to pay the sales price of MSRP + $19,000.00 to the car dealer plus any applicable luxury tax, registration, car dealer fees and title fees within two (2) business days of the car dealer's notification to Seller that the Vehicle is available for pickup and/or delivery and acknowledges that it understands that the sales price agreed to is F.O.B. shipping point" [Exhibit 7, paragraph four (4)].

32. That the Agreement further requires, "Buyer agrees and warrants that it and/or its agents or assigns will not under any circumstances contact or communicate with the car dealer of the Vehicle described in the above paragraph 1 unless Buyer receives specific written authorization from the Seller. Buyer further agrees and warrants that the terms and conditions of this agreement are confidential and that it will not, under any circumstances, disclose the terms and conditions of this agreement to any person and/or any entity unless Buyer receives specific written authorization from the Seller" [Exhibit 7, paragraph three (3)].

33. That the Agreement further provides, "In the event the Buyer does not comply with the terms and conditions set forth in the above paragraphs 2, 3, 4, 5, or 7, Buyer agrees and warrants that the Buyer is required to make a payment to the Seller of Ninety-Nine Thousand, Nine Hundred Eighty Dollars as partial liquidated damages, to include but not limited to attorneys fees, for said noncompliance with the aforementioned paragraphs 2, 3, 4, 5, or 7. The Buyer further agrees, warrants, and affirms that the aforementioned liquidated damages payment to the Seller does not represent a penalty" [Exhibit 7, paragraph nine (9)].

34. That the Agreement at paragraph six (6) provides, "The Seller may within thirty (30) days of his tender to the Buyer of the **buyer's order/purchase agreement/bill of sale/contract** as required above in paragraph two (2) notify the Buyer that the Seller is exercising its right, hereby established, to tender the **buyer's order/purchase agreement/bill of sale/contract** for a second automobile similar in specification as the automobile specification in the instant transaction.

a) The second automobile transaction shall be executed pursuant to the very same terms, and conditions as the first transaction.

b) The second automobile must be the same make, model, and year as the automobile transacted in the first transaction except where the manufacturer has introduced a later/newer model in which case the later/newer model may be substituted as the subject automobile of the **buyer's order/purchase agreement/bill of sale/contract** tendered by the Seller.

c) The second automobile transaction does not require the signing of an additional contract by the Seller, or Buyer identified herein."[ Exhibit 7]

-7-

35.     That on or, about May 12, 2016, Performance Ford Lincoln of Charlotte, North Carolina produced the *buyer's order/purchase agreement/bill of sale/contract*, and emailed the *buyer's order/purchase agreement/bill of sale/contract*, including wire transfer instructions, to the Plaintiff, and Seller, [Exhibit 11].

36.     That the Plaintiff, and Seller, informed Performance Ford Lincoln of Charlotte, North Carolina that the selling price depicted on the *buyer's order/purchase agreement/bill of sale/contract* was incorrect, and Performance Ford Lincoln promptly made the appropriate correction, and emailed the corrected *buyer's order/purchase agreement/bill of sale/contract* to the Plaintiff, and Seller, on, or about May 12, 2016[Exhibit 11].

37.     That on or, around May 14, 2016, the Plaintiff, and Seller, tendered the corrected *buyer's order/purchase agreement/bill of sale/contract*, and wire transfer instructions via facsimile number (321)722-3556 provided by the defendant Daniel H. Plante, and Buyer, to fulfill its contractual obligation to the defendant Daniel H. Plante, and Buyer [Exhibit 11].

38.     That on, or around May 16, 2016, the Plaintiff, and Seller, called the defendant Daniel H. Plante, and Buyer, to inform the defendant Daniel H. Plante, and Buyer, that the Plaintiff, and Seller, had faxed both the *buyer's order/purchase agreement/bill of sale/contract*, and wire transfer instructions to (321)722-3556 prior to the Plaintiff, and Seller's, telephone call to the defendant Daniel H. Plante, and Buyer.

39.     That during the May 16, 2016 telephone call to the defendant Daniel H. Plante, and Buyer, referenced in paragraph thirty-four (34) above, the Plaintiff, and Seller, reiterated to defendant Daniel H. Plante, and Buyer that paragraph three (3) of the contractual agreement required that the defendant Daniel H. Plante, and Buyer, keep confidential the existence, and terms of the contract, and that the defendant Daniel H. Plante, and Buyer, needed to follow the Plaintiff, and Seller's instructions to complete the transaction.

40.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that in, or about June 2016, the time period revealed by the Florida Department of Motor Vehicles Title Report ordered in, or around November 2020, the defendant Daniel H. Plante, and Buyer, inexplicably revealed the

-8-

contract details, and contractual relationship with the Plaintiff, and Seller to Performance Ford Lincoln[Exhibit 1].

41.    That the defendant Daniel H. Plante, and Buyer, failed, or refused to request written authorization from the Plaintiff, and Seller, to contact Performance Ford Lincoln since all that the defendant Daniel H. Plante, and Buyer, needed to do to complete the transaction was to wire the funds demanded by Exhibit 11, or inform the Plaintiff, and Seller, which financier the defendant Daniel H. Plante, and Buyer, planned to use for the transaction, and have the financier contact the Plaintiff, and Seller, to get any, and all clarification, and authorization to contact Performance Ford Lincoln to arrange to remit the funds demanded by Exhibit 11.

42.    The Plaintiff, and Seller, is informed and believes, and based thereon alleges that in addition to contacting Performance Ford Lincoln without written permission from the Plaintiff, and Seller, the defendant Daniel H. Plante, and Buyer, committed commercial disparagement, and slander against the Plaintiff, and Seller, during the course of several conversations with employees of Performance Ford Lincoln making unfounded, and willfully malicious comments about the Plaintiff, and Seller, to Performance Ford Lincoln.

43.    The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendant Daniel H. Plante, and Buyer, then tendered a deposit to Performance Ford Lincoln to purchase the underlying 2016 Ford Mustang Shelby GT350R hoping that the disparaging, and slanderous allegations, and comments made about the Plaintiff, and Seller, would result in Performance Ford Lincoln refusing to do business with the Plaintiff, and Seller, allowing the defendant Daniel H. Plante, and Buyer, to purchase the underlying 2016 Ford Mustang Shelby GT350R, and a 2017 Ford Mustang Shelby GT350R without paying the Plaintiff, and Seller, the consideration due the Plaintiff, and Seller, pursuant to the contract.

44.    That on, or about May 17, 2016, the Plaintiff, and Seller, asked a business associate, and Florida car dealer, Michael Pinney, to call the defendant Daniel H. Plante, and Buyer, and inform the defendant Daniel H. Plante, and Buyer, that the underlying 2016 Ford Mustang Shelby GT350R was available, and

-9-

that the underlying 2016 Ford Mustang Shelby GT350R could be purchased through Michael Pinney's car dealership, if necessary.

45. That on, or about May 17, 2016, the defendant Daniel H. Plante, and Buyer, informed Michael Pinney that he found a 2016 Ford Mustang Shelby GT350R at an "Ohio Ford dealership for MSRP plus $10,000.00", less than the defendant Daniel H. Plante, and Buyer, agreed to pay in the contract with the Plaintiff, and Seller, and that "he got confused then scared" [Exhibit 8].

46. That during the time period May 16, 2016 through in, or about 2019, the defendant Daniel H. Plante, and Buyer, failed, or refused to communicate concisely, and effectively with the Plaintiff, and Seller, despite the Plaintiff, and Seller, making several telephone calls to the defendant Daniel H. Plante, and Buyer, and leaving messages asking that the defendant Daniel H. Plante, and Buyer, return the Plaintiff, and Seller's, calls.

47. That on, or about May 18, 2016, after making several telephone calls to the defendant Daniel H. Plante, and Buyer, the Plaintiff, and Seller, sent a letter to the defendant Daniel H. Plante, and Buyer, seeking reasonable assurance of performance pursuant to the best practices suggest by UCC 2-609 [Exhibit 9], and it is noteworthy, indicative of the defendants' knowledge of their criminal actions, and criminal intent that the defendants collectively refused to accept the letters sent by the Plaintiff, and Seller utilizing the United States Postal Service to further their conspiracy to defraud the Plaintiff, and Seller, by fraudulently having the United States Postal Service return the letters to the Plaintiff, and Seller, to give the fraudulent impression that the defendants did not live at the address to which the letters were sent[Exhibits 10, and B].

48. That on, or about May 18, 2016, after making several telephone calls to defendant Daniel H. Plante, and Buyer, the Plaintiff, and Seller, sent a letter to the defendant Daniel H. Plante, and Buyer, informing the defendant Daniel H. Plante, and Buyer, that the Plaintiff, and Seller, elected to exercise its option to tender a second buyer's order/purchase agreement/bill of sale/contract [Exhibit 9] for a second Ford Mustang Shelby GT350R, however it is noteworthy, indicative of the defendants' knowledge of their criminal actions, and criminal intent that the defendants collectively refused to accept the letters sent by the Plaintiff, and Seller utilizing the United States Postal Service to further

-10-

their conspiracy to defraud the Plaintiff, and Seller, by fraudulently having the United States Postal Service return the letters to the Plaintiff, and Seller, to give the fraudulent impression that the defendants did not live at the address to which the letters were sent[Exhibits 10, and B].

49.    That Exhibits 9, 11, and B were sent through the United States Postal Service under postal parcel nos. 70071490000320457957, and 70191120000179117179 respectively.

50.    That in light of the aforementioned communication lapses by the defendant Daniel H. Plante, and Buyer, the Plaintiff, and Seller, wired the full amount due Performance Ford Lincoln on, or about May 18, 2016 in order to either preserve the right of the defendant Daniel H. Plante, and Buyer, to complete the purchase of the underlying 2016 Ford Mustang Shelby GT350R, or to cover in the event that the defendant Daniel H. Plante, and Buyer, was either unable, or unwilling to perform.

51.    The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendant Daniel H. Plante, and Buyer, failed, or refused to hold the consideration due the Plaintiff, and Seller, in trust for the Plaintiff, and Seller's, exclusive benefit upon receipt of the **buyer's order/purchase agreement/bill of sale/contract** from the Seller or car dealer as required by Exhibit 7, at paragraph two (2).

52.    That the defendant Daniel H. Plante, and Buyer, failed, or refused to remit to the Plaintiff, and Seller, the consideration due the Plaintiff, and Seller, required by Exhibit 7, at paragraph two (2), and the defendant Daniel H. Plante, and Buyer, failed, or refused to make both a seasonable rejection, and to particularize his objection to the Plaintiff, and Seller's, tender as suggested as best practices by UCC 2-602, and UCC 2-605 respectively.

53.    That the Plaintiff, and Seller's, attempts to seek cover, and a substitute purchaser have failed to date due to the commercially disparaging, and slanderous comments made to Performance Ford Lincoln by the defendant Daniel H. Plante, and Buyer, and the Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendant Daniel H. Plante, and Buyer, succeeded in tortuously interfering with the contractual relationship between the Plaintiff, and Seller, and Performance Ford Lincoln.

54.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendant Daniel H. Plante, and Buyer, purchased the subject 2016 Ford Mustang Shelby GT350R from Performance Ford Lincoln, and though the defendant Daniel H. Plante, and Buyer, defrauded the Plaintiff, and Seller, and breached the contract, the Plaintiff, and Seller was nonetheless the procuring cause in the defendant Daniel H. Plante, and Buyer's, acquisition of the underlying 2016 Ford Mustang Shelby GT350R[Exhibit 1].

55.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendant Daniel H. Plante, and Buyer, conspired with the co-defendants, and others to deprive the Plaintiff, and Seller, of rights enumerated under 42 § U.S.C. 1981 pursuant to learning that the Plaintiff is African-American.

56.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendant Daniel H. Plante, and Buyer, conspired to defraud the Plaintiff, and Seller, by using the racketeer influenced corrupt organization to create an artifice, and plan to defraud the Plaintiff, and Seller, of the consideration due the Plaintiff, and Seller pursuant to the Plaintiff, and Seller's, provision of lawfully contracted services.

57.     That the defendant Daniel H. Plante, and Buyer, acted with conscious indifference to the Plaintiff's economic interests when he approached the Plaintiff regarding acquiring the subject 2016 Ford Mustang Shelby GT350R with the intent to willfully, and maliciously defraud the Plaintiff, and Seller, by avoiding paying the consideration due the Plaintiff, and Seller, under the contract.

58.     That the defendant Daniel H. Plante, and Buyer, misrepresented his intention to be contractually bound with the Plaintiff, and Seller, and misrepresented to Michael Pinney that he intended to purchase either an additional, or alternate 2016 Ford Mustang Shelby GT350R from a "Ford dealer in Ohio" without stating that he was not contractual bound to tender consideration to the Plaintiff, and Seller.

59.     That the defendant Daniel H. Plante, and Buyer, knew that each fraudulent misrepresentation was false when he made it, and did so with foreknowledge, and fraudulent intent to cause monetary damage to the Plaintiff, and Seller.

60.    That the defendant Daniel H. Plante, and Buyer, either knew that he signed the subject contract as an element of the artifice to defraud the Plaintiff, and Seller, and to access the Plaintiff, and Seller's, intellectual property, or fraudulently conspired to have either a confederate, or one (1), of the co-defendant members of the RICO conspiracy, and RICO organization to sign the subject contract in furtherance of the artifice to defraud the Plaintiff, and Seller.

61.    That the defendant Daniel H. Plante, and Buyer, signed, or had either a confederate, or co-defendant member of the racketeer influenced corrupt organization to sign, and either faxed, or had another member of the racketeer influenced corrupt organization to fax the contract as a device to induce reliance by the Plaintiff, and Seller, on the good will, and fair dealing of the defendant Daniel H. Plante, and Buyer, when the defendant Daniel H. Plante, and Buyer's, sole intent was to defraud the Plaintiff, and Seller, of the consideration agreed to be held in trust for the exclusive benefit of the Plaintiff, and Seller.

62.    That the defendant Daniel H. Plante, and Buyer, knowingly undertook a fiduciary duty to the Plaintiff, and Seller, with the intent to defraud the Plaintiff, and Seller, and the defendant Daniel H. Plante, and Buyer's, purchase of the subject 2016 Ford Mustang Shelby GT350R from Performance Ford Lincoln of Charlotte, North Carolina represented acceptance of the Plaintiff, and Seller's, tender in the spirit of UCC 2-606.

63.    That the Plaintiff, and Seller, relied upon the defendant Daniel H. Plante, and Buyer's, commitments, pledge, and representations before, and after signing the subject contract to move forward with the transaction(s) envisioned in good faith, and the Plaintiff, and Seller, relied to his detriment upon the defendant Daniel H. Plante, and Buyer, to honorably, and faithfully execute his duties to the Plaintiff, and Seller, as represented, as memorialized in the contract, and as required by the fiduciary duties to the Plaintiff, and Seller, undertaken by the defendant Daniel H. Plante, and Buyer.

64.    That the defendants Loriann A. Plante, Lindsey Taylor Plante, Dan's Detailing of Melbourne, LLC, and "ABC Corporations 1-55" were the co-conspirators of the defendant Daniel H. Plante, and Buyer, and played active, and critical roles in the willful, and malicious artifice to defraud the Plaintiff, and Seller, as more fully pleaded below.

-13-

65.     That as direct, and proximate causes, the defendants' actions, allegations, failures to disclose, fraudulent misrepresentations, forgery, wire fraud, mail fraud, misappropriation of the Plaintiff, and Seller's, trade secret, deprivation of the Plaintiff's right to contract enumerated under 42 § U.S.C. 1981, and statements have inflicted significant monetary damage upon the Plaintiff, and Seller.

## THE RACKETEER INFLUENCED CORRUPT ORGANIZATION

66.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendants engaged in criminal activities as part of their normal business operation prior to the wire contact initiated by the defendant Daniel H. Plante, and Buyer[Exhibit 6], and the Plaintiff, and Seller is further informed, and believes that the defendants engaged in unlawful acts in the normal course of their business as recently as October 2021 when the defendant Daniel H. Plante, and Buyer, submitted an affidavit subject to penalty of perjury that the subject contract, Exhibit 7, represented a forgery of his signature[Exhibit A].

67.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendants' pattern, and normal business practice is to acquire lawful assets by fraud, and misrepresentation.

68.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendants Loriann A. Plante, Lindsey Taylor Plante, and Daniel H. Plante resided in a single family residence located at 6006 Newbury Circle, Melbourne, Florida 32940 at all times relevant to the issues at bar, and that the defendant Loriann A. Plante is the wife of the defendant Daniel H. Plante, and Buyer, and the defendant Lindsey Taylor Plante is the daughter of the defendant Daniel H. Plante, and Buyer.

69.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendant Dan's Detailing of Melbourne, LLC was at all times relevant to the issues at bar a closely held entity that was controlled, and operated primarily by the defendant Daniel H. Plante, and Buyer, for the economic benefit of the residents of 6006 Newbury Circle, Melbourne, Florida 32940.

70.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendants identified by name in paragraphs sixty-eight (68), and sixty-nine (69) remain both an economically co-dependent unit, and a clear, and present danger to unsuspecting citizens, and entities due to ongoing

-14-

criminally fraudulent acts which are executed systematically in a team effort.

71.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendants identified by name in paragraphs sixty-eight (68), and sixty-nine (69) systematically engaged in a series of related predicate acts that represent normal business practice, and criminality even if the Dan's Detailing of Melbourne, LLC engages in some lawful business.

72.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that in several instances, the defendants utilized wire fraud to further their conspiracy as when the Plaintiff was contacted via the instant message utility provided by eBay, when the defendant Daniel H. Plante, and Buyer, requested that the Plaintiff, and Seller forward pictures, and redacted build sheet/window sticker to the defendant Daniel H. Plante, and Buyer, when the defendant Daniel H. Plante, and Buyer, agreed to receive, and sign the subject contract, when the defendants sent to the Plaintiff, and Seller via facsimile the subject contract with what appeared to have the signature of the defendant Daniel H. Plante, and Buyer, and the Plaintiff, and Seller, was induced to either email, or send via facsimile the **buyer's order/purchase agreement/bill of sale/contract** which represented the consideration due from the Plaintiff[Exhibits 6, 7, and 11].

73.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendants, and co-conspirators fraudulently caused mail to be returned, or refused to accept properly addressed mail from the Plaintiff, and Seller in furtherance of the their conspiracy to defraud the Plaintiff, and Seller, as evinced by Exhibits 9, 10, and B.

74.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the knowledge of the availability, and economic benefit represented by the subject 2016 Ford Mustang GT350R automobile secured, and sourced by the Plaintiff from Performance Ford Lincoln of Charlotte, North Carolina was the trade secret of the Plaintiff, and Seller, and stolen by the defendants, and co-conspirators through the use of fraud, misrepresentation, and breach of fiduciary duty without tendering consideration to the Plaintiff, and Seller.

75.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendants Lindsey Taylor Plante, Loriann A. Plante, Daniel H. Plante, and Seller, and Dan's Detailing of Melbourne,

LLC are co-conspirators, jointly liable to the Plaintiff, and Seller, and are responsible for causing the monetary damages suffered by the Plaintiff, and Seller.

## PREDICATE ACTS, AND PREDICATE ACTORS OF THE RACKETEER INFLUENCED CORRUPT ORGANIZATION

76. The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendant Daniel H. Plante, and Buyer, served as the coordinator, and manager of the artifice to defraud the Plaintiff, and Seller.

77. The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendant Daniel H. Plante, and Buyer, initiated the instant message contact with the Plaintiff, and Seller, and initiated communication with the intent, and plan to construct an artifice, and scheme to defraud the Plaintiff, and Seller, of lawfully tendered services.

78. The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the instant message sent via eBay by the defendant Daniel H. Plante, and Buyer, represented the first of not less than three (3) criminal acts perpetrated by the defendants, was the first criminal act of wire fraud performed by the defendant Daniel H. Plante, and Buyer since the defendants never intended to pay the Plaintiff, and Seller, the consideration due pursuant to the contract, and was the first act in series of acts designed as a well crafted artifice, and scheme to defraud the Plaintiff, and Seller, with knowledge of the economic harm, and monetary damage that the Plaintiff, and Seller, would sustain.

79. The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendant Daniel H. Plante, and Buyer, signed the contract identified as Exhibit 7 then delegated to the defendant Lindsey Taylor Plante the task of sending the fraudulently signed contract to the Plaintiff, and Seller, using the facsimile number (321)722-3556.

80. The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the facsimile number (321)722-3556 was accessible by the defendant Lindsey Taylor Plante, and the defendant Loriann A. Plante at all times relevant to the issues at bar given the close proximity of the habitation of the defendants Lindsey Taylor Plante, Loriann A. Plante, and Daniel H. Plante, and Buyer.

81. The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the act of the defendant Lindsey Taylor Plante sending the signed contract to the Plaintiff, and Seller, was designed to

induce the Plaintiff, and Seller's, reliance upon the defendant Daniel H. Plante, and Buyer's, fidelity, and good faith to execute the transaction, and his contractual obligations in a commercially acceptable, and lawful manner.

82.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendant Lindsey Taylor Plante committed a criminal act, the second predicate act, and played an active role in the artifice, and scheme to defraud the Plaintiff, and Seller.

83.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendant Lindsey Taylor Plante committed wire fraud, and actively, and critically played a role in the artifice, and scheme to defraud the Plaintiff, and Seller.

84.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendant Daniel H. Plante, and Buyer, failed, or refused to place the consideration due the Plaintiff, and Seller, "in trust for the Seller's exclusive benefit upon receipt by the Buyer of the **buyer's order/purchase agreement/bill of sale/contract** from the Seller or car dealer".

85.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendant Daniel H. Plante, and Buyer's, failure, or refusal to place the consideration due the Plaintiff, and Seller, "in trust for the Seller's exclusive benefit upon receipt by the Buyer of the **buyer's order/purchase agreement/bill of sale/contract** from the Seller or car dealer" was maliciously, purposefully, and willfully fraudulent per se.

86.     That it is undisputed that the defendant Daniel H. Plante, and Buyer, received the contract annexed hereto as Exhibit 7.

87.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendant Daniel H. Plante, and Buyer, had a greater duty than a layman as a car dealer to place the consideration due the Plaintiff, and Seller, "in trust for the Seller's exclusive benefit upon receipt by the Buyer of the **buyer's order/purchase agreement/bill of sale/contract** from the Seller or car dealer", and that the Plaintiff, and Seller, relied upon the defendant Daniel H. Plante, and Buyer's, greater duty to his economic detriment.

88.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the knowledge,

-17-

and system of identifying Ford authorized dealers with available 2016 Ford Mustang Shelby GT350R automobiles had a value independent of the contract.

89.      The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the independent economic value of the knowledge, and system of identifying Ford authorized dealers with available 2016 Ford Mustang Shelby GT350R automobiles was the impetus for the RICO defendants contact with the Plaintiff, and Seller.

90.      That the Plaintiff, and Seller, was aware of the aforementioned value of his knowledge, and system, and was prepared to share information that was otherwise a trade secret if the Plaintiff, and Seller, received monetary compensation, and consideration in exchange for the provision of the information, and knowledge required to acquire the limited edition, one (1) of five hundred (500) 2016 Ford Mustang Shelby GT350R automobiles.

91.      That by failing, and refusing to compensate the Plaintiff, and Seller, by tendering the monetary consideration due upon receipt of Exhibit 7, the defendants misappropriated the Plaintiff, and Seller's, trade secret in violation of the Defend of Trade Secrets Act of 2016, otherwise known as 18 U.S.C. § 1836.

92.      The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the United States Postal Service made one (1) attempt to deliver the letter seeking reasonable assurance of performance, and the letter noticing the defendant Daniel H. Plante, and Buyer, of the Plaintiff, and Seller's, intention to produce a second tender on, or about May 20, 2016[Exhibits 9, and 10].

93.      The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the United States Postal Service made a second attempt to deliver the letter seeking reasonable assurance of performance, and the letter noticing the defendant Daniel H. Plante, and Buyer, of the Plaintiff, and Seller's, intention to produce a second tender on, or about May 26, 2016[Exhibits 9, and 10].

94.      The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the United States Postal Service made a third, and final attempt to deliver the letter seeking reasonable assurance of performance, and the letter noticing the defendant Daniel H. Plante, and Buyer, of the Plaintiff, and Seller's, intention to produce a second tender on, or about June 4, 2016[Exhibit 10].

95.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendants failed, and refused to accept the letter mailed to the defendant Daniel H. Plante, and Buyer, on, or about May 18, 2016, and the defendants caused/directed/instructed the United States Postal Service to return the letter to the Plaintiff, and Seller, as "unclaimed unable to forward", and on, or about June 8, 2016 the United States Postal Service affixed the appropriate sticker to the envelope that started the process of returning Exhibit 10 to the Plaintiff [Exhibits 9, and 10].

96.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendants Daniel H. Plante, Lindsey Taylor Plante, and defendant Loriann A. Plante engaged in a calculated, and coordinated effort to avoid receipt of Exhibit 10, failed, and refused to respond to the notice(s) left in the mail box located at 6006 Newbury Circle, Melbourne, Florida 32940.

97.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendant Daniel H. Plante, and Buyer, provided the Plaintiff, and Seller, with the address 6006 Newbury Circle, Melbourne, Florida 32940, stated to the Plaintiff, and Seller, that 6006 Newbury Circle, Melbourne, Florida 32940 was his residence address, and signed the contract which identified 6006 Newbury Circle, Melbourne, Florida 32940 as the address for the defendant Daniel H. Plante, and Buyer.

98.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendants Daniel H. Plante, Lindsey Taylor Plante, and defendant Loriann A. Plante utilized the United States Postal Service, and the United States mail to further their artifice, and scheme to defraud the Plaintiff, and Seller.

99.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that using the United States Postal Service, and the United States mail to further an artifice, and scheme to defraud is the criminal act of mail fraud.

100.     The Plaintiff, and Seller, is informed and believes, and based thereon alleges that the defendants committed singularly, or jointly two (2) criminal acts of wire fraud, one (1) criminal act of fraud per se, criminally misappropriated the Plaintiff, and Seller's, trade secret, and committed two (2) criminal acts of mail fraud.

101.     That the defendants' experience in executing, and concealing criminal acts in the normal course of their business made it very difficult for the Plaintiff, and Seller, to deduce, and uncover the defendants' artifice, and scheme to defraud as evinced by the claim by defendant Daniel H. Plante, and Buyer, on October 13, 2020 that the subject contract, Exhibit A, contains a forged attempt to replicate the signature of the defendant Daniel H. Plante, and Buyer [Exhibit A] which is consistent with the mail fraud, wire fraud, and theft of the Plaintiff, and Seller's trade secret.

## AS AND FOR THE FIRST CAUSE OF ACTION

## ANTICIPATORY REPUDIATION, OR BREACH OF CONTRACT

102.     That the Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if more fully set forth herein.

103.     That on or, about May 14, 2016, the Plaintiff tendered the corrected *buyer's order/purchase agreement/bill of sale/contract*, and wire transfer instructions via facsimile number (321)722-3556 provided by defendant Daniel H. Plante to fulfill his contractual obligation to defendant Daniel H. Plante [Exhibit 11].

104.     That the Plaintiff sought reasonable assurance of performance on May 18, 2016 in light of the lack of communication from the defendant Daniel H. Plante, and forwarded his tender again via letter identified by the United States Postal Service as postal parcel no. 70071490000320457957.

105.     That the Plaintiff promptly provided his tender to defendant Daniel H. Plante within twenty-four (24) hours of defendant Daniel H. Plante signing the contract attached hereto as Exhibit 7.

106.     That the defendant Daniel H. Plante was required to both hold the consideration due the Plaintiff, in trust, and remit the consideration due the Plaintiff however as of this writing the defendant Daniel H. Plante has failed, or refused to remit the consideration due the Plaintiff despite the Plaintiff sending letters seeking both reasonable assurance of performance, and demand for immediate payment [Exhibit 7].

107.     That the defendant Daniel H. Plante is liable to the Plaintiff for anticipatory repudiation, or breach of contract by failing, or refusing to perform his contractual obligation to the Plaintiff despite being noticed by the Plaintiff of the submission, and transmission of his tender.

108.     That as a reasonable result of defendant Daniel H. Plante's anticipatory repudiation of contract, or breach of contract, the Plaintiff has sustained monetary damage in the amount of $99,980.00 as agreed by the mutual consent of the Plaintiff, and defendant Daniel H. Plante.

## AS AND FOR THE SECOND CAUSE OF ACTION

## ANTICIPATORY REPUDIATION, OR BREACH OF CONTRACT

109.     That the Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if more fully set forth herein.

110.     That on or, about May 14, 2016, the Plaintiff tendered the corrected *buyer's order/purchase agreement/bill of sale/contract*, and wire transfer instructions via facsimile number (321)722-3556 provided by defendant Daniel H. Plante to fulfill his contractual obligation to defendant Daniel H. Plante [Exhibit 11].

111.     That the Plaintiff sought reasonable assurance of performance on May 18, 2016 in light of the lack of communication from the defendant Daniel H. Plante, and forwarded his tender again via letter identified by the United States Postal Service as postal parcel no. 70071490000320457957.

112.     That the Plaintiff promptly provided his tender to defendant Daniel H. Plante within twenty-four (24) hours of defendant Daniel H. Plante signing the contract attached hereto as Exhibit 7.

113.     That the Plaintiff seasonably, and timely noticed the defendant Daniel H. Plante of the Plaintiff's election to tender a second *buyer's order/purchase agreement/bill of sale/contract* as provided in paragraph six (6) of the contract signed by the defendant Daniel H. Plante however the defendant Daniel H. Plante failed, and refused to acknowledge the contractual obligation to pay the Plaintiff for his tender of a second *buyer's order/purchase agreement/bill of sale/contract* [Exhibit 7].

114.     That when the Plaintiff finally spoke to the defendant Daniel H. Plante, and his wife, defendant Loriann A. Plante in, or about 2019, the defendants provided an incoherent message with defendant Loriann A. Plante requesting a statement of account identifying the amount due to the Plaintiff, and defendant Daniel H. Plante requesting documents evincing that the Plaintiff had the contractual right to purchase a 2016 Ford Mustang Shelby GT350R.

1115.          That despite the Plaintiff providing the aforementioned requested documents, the defendants failed, or refused to remit the compensation due the Plaintiff under the contract.

116.          That the defendant Daniel H. Plante is liable to the Plaintiff for anticipatory repudiation, or breach of contract by failing, or refusing to perform his contractual obligation to the Plaintiff despite being noticed by the Plaintiff of the submission, and transmission of his tender, and seasonable, and timely notice by the Plaintiff of the Plaintiff's election to tender a second **buyer's order/purchase agreement/bill of sale/contract** as provided in paragraph six (6) of the contract signed by the defendant Daniel H. Plante.

117.          That as a reasonable result of defendant Daniel H. Plante's anticipatory repudiation of contract, or breach of contract, the Plaintiff has sustained monetary damage in the amount of $99,980.00 as agreed by the mutual consent of the Plaintiff, and defendant Daniel H. Plante.

## AS AND FOR THE THIRD CAUSE OF ACTION

## FEDERAL CIVIL RICO ACT VIOLATION - 18 U.S.C. § 1961 AND 18 U.S.C. § 1964

118.   That the Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if more fully set forth herein.

119.   That the defendant Daniel H. Plante contacted the Plaintiff via the instant message utility on eBay, and utilized the telephone lines to initiate the artifice that maliciously, and willfully defrauded the Plaintiff.

120.   That the defendants, Daniel H. Plante,  Loriann A. Plante, and Lindsey Taylor Plante, hereinafter the Plante Defendants, worked not only as family unit but also maliciously, intentionally, and willfully functioned as a racketeer influenced corrupt organization from the initiation of contact with the Plaintiff, and each of the Plante Defendants execute at least one RICO predicate act.

121.   The Plaintiff is informed and believes, and based thereon alleges that the defendant Daniel H. Plante executed the instant message, the first predicate act of wire fraud, to the Plaintiff using the instant message on eBay with foreknowledge, and intent to initiate the artifice to defraud the Plaintiff of consideration earned by providing a valued service.

122.     The Plaintiff is informed and believes, and based thereon alleges that the use of the United States of America's telephone lines, cables, fiber optic cables, or other data transmission technology with intent to defraud is a criminal act subject to punishment by the applicable statute, and the defendant Daniel H. Plante utilized the telephone lines, cables, fiber optic cables, or other data transmission technology to set in motion the artifice to defraud the Plaintiff with the assistance of the other Plante Defendants, and the strategic use of the purportedly legitimate business of defendant Dan's Detailing.

123.  That by way of the initial telephone conversation with the Plaintiff, the defendant Daniel H. Plante induced the Plaintiff to enter into a contract with the defendant in furtherance of the defendant's fraudulent intent.

124.  That the initial telephone conversation between the Plaintiff, and the defendant was merely an artifice, or device to induce confidence in the defendant, and to ultimately achieve the defendants' objective.

125.  That the defendant Daniel H. Plante expressed sincerity, and the desire to proceed to contract during the course of the telephone call with the Plaintiff.

126. That the defendant Daniel H. Plante signed the subject contract, and undertook a fiduciary duty to the Plaintiff [Exhibit E, paragraph two (2)].

127. That the Plante Defendants never intended to remit the consideration due the Plaintiff pursuant to the contract.

128. That the defendant Daniel H. Plante was anxious to learn the location, and name of the car dealer, and signed the contract merely as an artifice, and ploy to get the car dealer's contact information, the Plaintiff's intellectual property.

129.  That the defendant Daniel H. Plante both fraudulently misrepresented, and failed to disclose his intention to defraud the Plaintiff but instead undertook the fiduciary duty of care to hold the consideration due the Plaintiff in trust for the Plaintiff's exclusive benefit.

130.     That the defendant Daniel H. Plante transmitted the contract, annexed hereto as Exhibit 7, utilizing the telephone lines, cables, fiber optic cables, or other data transmission technology to induce

the Plaintiff to tender the consideration due from the Plaintiff with full knowledge, and intent to defraud the Plaintiff since the *buyer's order/purchase agreement/bill of sale/contract* tendered by the Plaintiff as required by the contract would reveal all of the information required for the Plante Defendants to acquire the underlying 2016 Ford Mustang Shelby GT350R, and deny the Plaintiff the consideration due in exchange for providing the *buyer's order/purchase agreement/bill of sale/contract*.

131.    That the defendant Daniel H. Plante's use of the telephone lines, cables, fiber optic cables, or other data transmission technology to transmit the signed contract, and to solicit the Plaintiff's tender of the *buyer's order/purchase agreement/bill of sale/contract* represents both the criminal offense of wire fraud, and the second RICO predicate act executed by the defendant Daniel H. Plante to cause economic harm, and monetary damage to the Plaintiff.

132.   That the defendant Daniel H. Plante's undertaking of fiduciary duties to the Plaintiff to hold the consideration due the Plaintiff in trust for the Plaintiff's exclusive benefit, and to remit the consideration due the Plaintiff after the completion of the Plaintiff's tender of consideration, while having foreknowledge, and intent to defraud the Plaintiff before undertaking fiduciary duties to the Plaintiff represents the criminal offense of fraud per se.

133.    That the commission of the criminal offense of fraud per se by the defendant Daniel H. Plante was the third RICO predicate act to cause economic harm, and monetary damage to the Plaintiff.

134.    That the defendants misappropriated the Plaintiff's intellectual property by fraudulently obtaining the Plaintiff's source for highly sought after, and limited edition automobile with foreknowledge of their intention to defraud the Plaintiff, and to cause economic harm, and monetary damage to the Plaintiff.

135.    The Plaintiff is informed and believes, and based thereon alleges that the knowledge of which Ford dealers had 2016 Ford Mustang Shelby GT350R automobiles that would be sold at a price below market value represents an identifiable, and significant economic value separate, and distinct from the underlying 2016 Ford Mustang Shelby GT350R.

136.     That the aforementioned intellectual property represented by the knowledge of the Ford dealers that would sell 2016 Ford Mustang GT350Rs below market value was something that the Plaintiff would share only in exchange for monetary.

137.     That the defendants failed, and refused to remit the consideration due the Plaintiff.

138.     The Plaintiff is informed and believes, and based thereon alleges that an artifice to defraud which is constructed with foreknowledge, and intent to obtain a trade secret that has independent economic is a criminal offense identified by the Defend Trade Secrets Act of 2016.

139.     The Plaintiff is informed and believes, and based thereon alleges that the Plante Defendants misappropriated the Plaintiff's trade secret in violation of the Defend Trade Secrets Act of 2016 then used the misappropriated information, and the Plaintiff's proprietary process to acquire the underlying 2016 Ford Mustang Shelby GT350R2016 Ford Mustang Shelby GT350R2016 Ford Mustang Shelby GT350R, and sell the underlying 2016 Ford Mustang Shelby GT350R for monetary gain, and mutual economic benefit.

140.     That the artifice, and device designed by the Plante Defendants deprived the Plaintiff of monetary gain while enriching the Plante Defendants, and the misappropriation of the Plaintiff's trade secret was both a criminal act, and the fourth RICO predicate to cause economic harm, and monetary damage to the Plaintiff.

141.     That the Plaintiff sought clarity of intent from the defendant Daniel H. Plante by sending a letter seeking reasonable assurance of performance [Exhibit 9].

142.     That the Plaintiff mailed Exhibit 10 absent knowledge of being the victim of fraud, and malfeasance.

143.     The Plaintiff is informed and believes, and based thereon alleges that Exhibit 10 arrived at the Plaintiff's mailing address on, or about June 14, 2016.

144.     That the Plaintiff successfully mailed a letter to the very same address as that which was identified on Exhibit 10 to defendant Daniel H. Plante, and defendant Loriann A. Plante in, or about 2019.

145. The Plaintiff is informed and believes, and based thereon alleges that it is unlawful, and is the criminal act of mail fraud to use the United States Postal Service to further an artifice, and scheme to defraud.

146. The Plaintiff is informed and believes, and based thereon alleges that the United States Postal Service made the first delivery attempt of Exhibits 9, and 10 on May 20, 2016, the second delivery attempt on May 26, 2016, and the third, and final delivery attempt of Exhibits 9, and 10 on June 4, 2016.

147. The Plaintiff is informed and believes, and based thereon alleges that the Plante Defendants resided at 6006 Newbury Circle, Melbourne, Florida 32940 at all times relevant to the issues at bar.

148. The Plaintiff is informed and believes, and based thereon alleges that the Plante Defendants were aware of Exhibit 10 being the subject of delivery attempts to 6006 Newbury Circle, Melbourne, Florida 32940 by the United States Postal Service between May 20, 2016, and June 8, 2016.

149. The Plaintiff is informed and believes, and based thereon alleges that the Plante Defendants received at least one (1) attempted delivery notification from the United States Postal Service indicating a delivery of Exhibit 10 was attempted.

150. The Plaintiff is informed and believes, and based thereon alleges that the Plante Defendants acted with foreknowledge to maliciously, purposely, and willfully avoid receipt of Exhibit 10, and falsely, and fraudulently used the United States Postal Service to redirect mail that was properly addressed, and metered.

151. That the Plante Defendants made false, and fraudulent representations to the United States Postal Service in furtherance of their artifice to defraud the Plaintiff, and the Plante Defendants false, and fraudulent representations made to the United States Postal Service combined with the use of the United States Postal Service to execute their artifice, and scheme to defraud the Plaintiff represents the criminal act of mail fraud, and the fifth predicate act to cause economic harm, and monetary damage to the Plaintiff.

152. That the defendants formed their RICO organization prior to initiating contact with the Plaintiff.

153.        That the Plante Defendants played the various aforementioned roles in the artifice to defraud the Plaintiff, and in the ongoing RICO association that exists presently.

154.        The Plaintiff is informed and believes, and based thereon alleges that the aforementioned five (5) RICO predicate acts executed by the Plante Defendants, and facilitated by the facilities, and equipment of Dan's Detailing are violations of 18 U.S.C. § 1961 AND 18 U.S.C. § 1964 since each represents a substantive violation as set forth in 18 U.S.C. § 1962.

155.        That the RICO enterprise is comprised of the Plante Defendants, and Dan's Detailing.

156.        That the aforementioned five (5) RICO predicate acts represent a pattern of criminal acts, and behavior that could subject the Plante Defendants to criminal prosecution.

157.        That the aforementioned five (5) RICO predicate acts are brazen, and malicious acts with foreknowledge of the illegality of each act, and examples of a pattern of racketeering activity executed by the defendants with the sole intent, and purpose to cause economic harm, and monetary damage to the Plaintiff.

158.        That the Plante Defendants maintained at all times relevant to the issues at bar, and as of this writing interpersonal, and familiar relationships that bound them to the common purpose of achieving RICO criminal economic benefit, and monetary gain at the expense of the Plaintiff.

159.        That the Plante Defendants easily coordinated their artifice, and scheme to defraud the Plaintiff through the convenience of sharing the same residence address.

160.        The Plaintiff is informed and believes, and based thereon alleges that each of the Plante Defendants were legally adults during the time period May 20, 2016 through June 8, 2016.

161.        The Plaintiff is informed and believes, and based thereon alleges that each of the Plante Defendants were suitable to sign for the certified letter mailed by the Plaintiff, annexed hereto as Exhibit 10, and to retrieve Exhibit 10 from the United States Postal Service identified by the obligatory delivery notification(s) left at Plante Defendants common residence.

162.        That the most visceral example of the coordination, and common criminal purpose of the Plante Defendants is that neither of the three (3) adults that constitute the Plante Defendants were willing to either sign for Exhibit 10 at their residence, or retrieve Exhibit 10 from the responsible United

States Postal Service office despite having from May 20, 2016 through June 7, 2016 to retrieve Exhibit 10.

163.     The Plaintiff is informed and believes, and based thereon alleges that but for the Plaintiff mailing Exhibit 10 to the Plante Defendants' residence address, and the Plante Defendants' criminal misrepresentation to the United States Postal Service, and subsequent return of Exhibit 10, the Plaintiff would not have been able to see the pattern of RICO criminal acts executed by the defendants without the benefit of discovery since the Plante Defendants' intent was undeniably displayed by execution of the criminal act of mail fraud.

164.     The Plaintiff is informed and believes, and based thereon alleges that the underlying 2016 Ford Mustang Shelby GT350R was sourced from Performance Ford Lincoln situated in Charlotte, North Carolina, and that the defendants criminally acquired the underlying 2016 Ford Mustang Shelby GT350R for initially possession by the defendants in Florida, and subsequently sold for profit outside North Carolina, and transported using common carrier given the fact that low mileage limited production automobiles are more valuable than high mileage limited production automobiles.

165.     That in addition to the fact that the defendants' fraudulent artifice tdefrauded the Plaintiff, and deprived the Plaintiff of the right to receive the consideration contemplated by the contract in exchange honest, and valuable services, the defendants' artifice, and scheme to defraud the Plaintiff was interstate in character since it acquired an automobile from North Carolina while situated in Florida with the foreknowledge that the artifice, and scheme to defraud the Plaintiff would result in the Plaintiff suffering economic harm, and monetary damages.

166.     That as a result of the Plaintiff being made victim of Federal Civil RICO Act predicate acts at the hands of the RICO association/organization, the Plaintiff suffered compensatory monetary damages excluding court costs, attorneys fees, and punitive damages.

167.     The Plaintiff is informed and believes, and based thereon alleges that under the Federal Civil RICO statute the Plaintiff's successful prosecution of the instant Civil RICO cause of action entitles the Plaintiff to treble damages.

168.     That by reason of 18 U.S.C. § 1961 and 18 U.S.C. § 1964, and the award of treble damages, the Plaintiff hereby seeks compensatory damages excluding court costs, and attorneys fees of

## AS AND FOR THE FOURTH CAUSE OF ACTION

## FRAUD IN THE INDUCEMENT

169.  That the Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if more fully set forth herein.

170.     The Plaintiff is informed and believes, and based thereon alleges that the defendant Daniel H. Plante failed, or refused to disclose to the Plaintiff that the defendant Daniel H. Plante, and his fellow members of the RICO association/organization contacted, and engaged the Plaintiff with foreknowledge of intent to defraud the Plaintiff, and deprive the Plaintiff of the consideration earned in exchange for provision of honest service.

171.     The Plaintiff is informed and believes, and based thereon alleges that the defendant Daniel H. Plante had a duty to disclose to the Plaintiff any material fact that could reasonably deter the Plaintiff from entering into a contractual agreement with the defendant Daniel H. Plante.

172.     The Plaintiff is informed and believes, and based thereon alleges that the defendants' intent to defraud the Plaintiff with foreknowledge that to defraud the Plaintiff would cause the Plaintiff economic harm, and monetary damage to the Plaintiff was a material fact that the defendant Daniel H. Plante had a duty to disclose.

173.     The Plaintiff is informed and believes, and based thereon alleges that the defendant Daniel H. Plante's agreement to hold the consideration due the Plaintiff in trust for the sole benefit of the Plaintiff established a greater duty to disclose the defendants fraudulent intent than would otherwise be the case if paragraph two (2) of Exhibit 7 did not establish a fiduciary duty on the part of the defendant Daniel H. Plante.

174.     That the defendant Daniel H. Plante's duty to disclose the defendants' fraudulent intent arose before the contract, annexed hereto as Exhibit 7, was signed, and represents a separate, and distinct obligation to perform pursuant to the requirements of the contract.

175.        That the defendant Daniel H. Plante knew that the disclosure of the defendants' intent to defraud the Plaintiff would be sufficient cause, justification, and reason for the Plaintiff to refuse to enter in a contract with the defendant Daniel H. Plante.

176.        That the Plaintiff reasonably relied upon the defendant Daniel H. Plante's presentation of himself as a legitimate, upstanding businessman further relying upon the belief that the defendants were not concealing the artifice to defraud that led to the Plaintiff suffering economic harm, and monetary damages.

177.        That the Plaintiff reasonably relied upon the belief that the defendants were not engaging in criminal RICO activity, and that if such criminal RICO activity, and transactions occurred prior to contacting the Plaintiff, the defendant Daniel H. Plante would disclose to the Plaintiff the nature of the criminal RICO activity, and transactions.

178.        That the Plaintiff relied to his detriment that the defendants were neither engaging in criminal RICO activity nor planning to make the Plaintiff a victim of the defendants' artifice to defraud, and similar RICO predicate acts.

179.        That the defendant Daniel H. Plante's failure, or refusal to disclose the defendants' intent to defraud the Plaintiff prevented the Plaintiff from making an informed decision regarding entering into the subject contract with the defendant Daniel H. Plante.

180.        That the defendant Daniel H. Plante's omission of, and failure to disclose the defendants' intent to defraud the Plaintiff, and the associated acts of criminal RICO activity engaged in by the defendants represents a willful intent to deceive the Plaintiff with full knowledge that the disclosure of the defendants' intent to defraud the Plaintiff would cause the Plaintiff to decline to do business with the defendant Daniel H. Plante.

181.        That the defendant Daniel H. Plante's omission of, and failure to disclose the defendants' intent to defraud the Plaintiff, and the associated acts of criminal RICO activity engaged in by the defendants was the key element of the artifice to fraudulently induce the Plaintiff into signing the contractual agreement with the defendant Daniel H. Plante.

-30-

182.     That as a direct result of the defendant Daniel H. Plante's intentional, and willful omission of material facts including the failure, or refusal to disclose the criminal RICO acts, and the defendants' intent to defraud the Plaintiff, the Plaintiff was fraudulently induced to enter into the contract with the defendant Daniel H. Plante, and was damaged monetarily in the amount of $99,980.00, and seeks compensatory damages in the amount of $99,980.00.

183.     That in light of the defendant Daniel H. Plante's malicious, willful omission, and failure to disclose material facts with foreknowledge that in the absence of making the reasonably disclosure of the aforementioned material facts the Plaintiff would suffer economic harm, and monetary damages, the Plaintiff seeks equitable relief in the form of punitive damages of $49,990.00 excluding court costs, and attorneys fees.

## AS AND FOR THE FIFTH CAUSE OF ACTION

### ACCOUNT STATED

184.     That the Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if more fully set forth herein.

185.     That on or, about May 12, 2016, the Plaintiff tendered the corrected *buyer's order/purchase agreement/bill of sale/contract*, and wire transfer instructions via facsimile number (321)722-3556 provided by defendant Daniel H. Plante to fulfill his contractual obligation to defendant Daniel H. Plante [Exhibit 11].

186.     That the Plaintiff sought reasonable assurance of performance on May 18, 2016 in light of the lack of communication from the defendant Daniel H. Plante, and forwarded his tender again via letter identified by the United States Postal Service as postal parcel no. 70071490000320457957.

187.     That the Plaintiff promptly provided his tender to defendant Daniel H. Plante within twenty-four (24) hours of defendant Daniel H. Plante signing the contract attached hereto as Exhibit 7.

188.     That the Plaintiff seasonably, and timely noticed the defendant Daniel H. Plante of the Plaintiff's election to tender a second *buyer's order/purchase agreement/bill of sale/contract* as provided in paragraph six (6) of the contract signed by the defendant Daniel H. Plante however the defendant Daniel

H. Plante failed, and refused to acknowledge the contractual obligation to pay the Plaintiff for his tender of a second *buyer's order/purchase agreement/bill of sale/contract* [Exhibit 7].

189. That when the Plaintiff finally spoke to the defendant Daniel H. Plante, and his wife, defendant Loriann A. Plante in, or about 2019, the defendants provided an incoherent message with defendant Loriann A. Plante requesting a statement of account identifying the amount due to the Plaintiff, and defendant Daniel H. Plante requesting documents evincing that the Plaintiff had the contractual right to purchase a 2016 Ford Mustang Shelby GT350R.

190. That despite the Plaintiff providing the aforementioned requested documents, the defendants failed, or refused to remit the compensation due the Plaintiff under the contract.

191. That the defendant Daniel H. Plante is liable to the Plaintiff for anticipatory repudiation, or breach of contract by failing, or refusing to perform his contractual obligation to the Plaintiff despite being noticed by the Plaintiff of the submission, and transmission of his tender, and seasonable, and timely notice by the Plaintiff of the Plaintiff's election to tender a second *buyer's order/purchase agreement/bill of sale/contract* as provided in paragraph six (6) of the contract signed by the defendant Daniel H. Plante.

192. That as a reasonable result of defendant Daniel H. Plante's anticipatory repudiation of contract, or breach of contract, the Plaintiff has sustained monetary damage in the amount of $99,980.00 as agreed by the mutual consent of the Plaintiff, and defendant Daniel H. Plante.

## AS AND FOR THE SIXTH CAUSE OF ACTION

## VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO 42 § U.S.C. 1981

193. That the Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if more fully set forth herein.

194. That on or, about May 14, 2016, the Plaintiff tendered the corrected *buyer's order/purchase agreement/bill of sale/contract*, and wire transfer instructions via facsimile number (321)722-3556 provided by defendant Daniel H. Plante to fulfill his contractual obligation to defendant Daniel H. Plante [Exhibit 11].

195.    That the Plaintiff sought reasonable assurance of performance on May 18, 2016 in light of the lack of communication from the defendant Daniel H. Plante, and forwarded his tender again via letter identified by the United States Postal Service as postal parcel no. 70071490000320457957.

196.    That the Plaintiff promptly provided his tender to defendant Daniel H. Plante within twenty-four (24) hours of defendant Daniel H. Plante signing the contract attached hereto as Exhibit 7.

197.    That the defendant Daniel H. Plante was required to both hold the consideration due the Plaintiff, in trust, and remit the consideration due the Plaintiff however as of this writing the defendant Daniel H. Plante has failed, or refused to remit the consideration due the Plaintiff despite the Plaintiff sending letters seeking both reasonable assurance of performance, and demand for immediate payment [Exhibit 7].

198.    That the defendant Daniel H. Plante is liable to the Plaintiff for anticipatory repudiation, or breach of contract by failing, or refusing to perform his contractual obligation to the Plaintiff despite being noticed by the Plaintiff of the submission, and transmission of his tender.

199.    That as a reasonable result of defendants conspiring to the deprive the Plaintiff with the right to contract, the Plaintiff has sustained monetary damage in the amount of $99,980.00 as agreed by the mutual consent of the Plaintiff, and defendant Daniel H. Plante. That the Plaintiff further seeks punitive damages in the amount of $49,990.00.

## LIQUIDATED DAMAGES

200.    That the Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if more fully set forth herein.

201.    That the defendant Daniel H. Plante negotiated the terms of the subject contract, including but not limited to the liquidated damages clause, with the Plaintiff as a merchant with more than five (5) years of experience in multiple businesses including collecting, and selling high-end, limited production automobiles.

202.    That the Plaintiff, and the defendant agreed to the liquidated damages amount pled in the first, and second causes of action after arms length negotiation.

203.    That the liquidated damages amount agreed to by the parties represents an estimate, prior to signing the respective contract, of the monetary damage the Plaintiff would reasonably experience in the event of anticipatory repudiation of contract, or breach of contract by the defendant.

204.    That the defendant/Buyer waived his right to contest the enforceability of the liquidated damages clause in paragraph fourteen (14) of the subject contract [Exhibit 7].

WHEREFORE, the Plaintiff demands judgment against the defendants with interest from June 14, 2016, together with costs and disbursements of this action.

First Cause of Action – Breach of Contract

a.    Liquidated Damages - $99,980.00

Second Cause of Action – Anticipatory Repudiation of Contract, or Breach of Contract

a.    Liquidated Damages - $99,980.00

Third Cause of Action – Federal Civil RICO - 18 U.S.C. § 1961, And 18 U.S.C. § 1964

a. Compensatory Damages – $299,940.00

b. Incidental Damages -  $1,575.00

Fourth Cause of Action – Fraud In The Inducement

a.    Compensatory Damages - $99,980.00

b.    Incidental Damages -  $1,575.00

c.    Punitive Damages - $49,990.00

Fifth Cause of Action-Account Stated

a.    Compensatory Damages - $99,980.00

b.    Incidental Damages -  $1,575.00

Sixth Cause of Action – Violation of the Plaintiff's Rights Pursuant To 42 § U.S.C. 1981

a.    Compensatory Damages - $99,980.00

b.    Incidental Damages -  $1,575.00

c.    Punitive Damages - $49,990.00

Dated: June 18, 2022

Lawrenceville, Georgia

By: _Renzer Bell_

Renzer Bell

1957 Shaker Falls Lane

Lawrenceville, Georgia 30045

To Defendants:

Daniel H. Plante

Dan's Detailing of Melbourne, LLC

6006 Newbury Circle

Melbourne, Florida 32940

Loriann A. Plante

6006 Newbury Circle

Melbourne, Florida 32940

Daniel H. Plante

6006 Newbury Circle

Melbourne, Florida 32940

Lindsey Taylor Plante

6006 Newbury Circle

Melbourne, Florida 32940