UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENZER BELL,

      Plaintiff,

   -against-

DANIEL H. PLANTE a/k/a DANIEL PLANTE;
LORIANN A. PLANTE; LINSEY TAYLOR
PLANTE; DAN'S DEATAILING OF
MELBOURNE, LLC; "ABC"
CORPORATIONS 1-55" being unknown, and
fictitious at this time,

      Defendants.

1:22-CV-5232 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

  By order dated and entered on August 1, 2022, the Court dismissed Plaintiff's claims under federal law for failure to state a claim on which relief may be granted because the Court determined that those claims are untimely. In light of Plaintiff's *pro se* status, however, the Court granted Plaintiff 30 days' leave to file an amended complaint in which he repleads his claims under federal law to allege facts showing that those claims are timely or that the applicable limitations periods should be equitably tolled. On August 31, 2022, Plaintiff filed an "application for relief by way of memo endorsed order" ("application"), in which he asks the Court "to reconsider, and remove the certification which held . . . that an appeal of [the Court's August 1, 2022, order] would not be taken in good faith."[1] (ECF 5.) On that same date, Plaintiff filed a notice of appeal (ECF 6), as well as a "motion to adjourn, or enlarge the time to refile the

---

[1] Under Rule 5.2(a)(4) of the Federal Rules of Civil Procedure, a court submission may only refer to a financial-account number by listing the last four digits of that number. In his application, Plaintiff reveals the complete financial-account number of another entity. In light of this, and in an abundance of caution, the Court has directed the Clerk of Court to restrict CM/ECF access to the application to a "case participant-only basis."

complaint, and, or fully comply with the order identified as" the Court's August 1, 2022, order (ECF 7) ("motion to adjourn").

The Court construes Plaintiff's application (ECF 5) as a motion seeking relief from a judgment or order, brought under 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). The Court construes Plaintiff's motion to adjourn (ECF 7) as a motion for an extension of time to file an amended complaint in compliance with the Court's August 1, 2022, order.

For the reasons discussed below, the Court denies Plaintiff's Rule 60(b) motion, and denies Plaintiff's motion for an extension of time without prejudice to Plaintiff's filing another such motion once the United States Court of Appeals for the Second Circuit has disposed of his appeal.

## DISCUSSION

**A.     Jurisdiction**

Because Plaintiff has filed a notice of appeal, the Court must address whether it has jurisdiction to consider his motions. A party normally has 30 days from the entry date of the order or judgment being challenged to file a timely notice of appeal. *See* Fed. R. Civ. P. 4(a)(1)(A). "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Under Rule 4(a)(4) of the Federal Rules of Appellate Procedure ("Rule 4(a)(4)"), however, if a party files, among other types of motions, a motion seeking relief under Rule 60 within 28 days of the entry of the relevant judgment, the time to file a notice of appeal runs from the entry of the order disposing that Rule 60 motion. *See* Fed. R. App. P. 4(a)(4)(A)(vi). If a party files a notice of appeal before the district court disposes of that motion, however, then the notice of appeal does not become "effective" until after the district court rules on that motion.

*See* Fed. R. App. P. 4(a)(4)(B)(i). Yet, regardless of when a notice of appeal is filed, a federal district court retains jurisdiction to deny a Rule 60(b) motion while an appeal is pending. *See Selletti v. Carey*, 173 F.3d 104, 109 (2d Cir. 1999); *Toliver v. Cnty of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992).

On August 1, 2022, the Court issued an order dismissing Plaintiff's claims under federal law, but granting Plaintiff 30 days' leave to file an amended complaint as to those claims. On the same day, the Clerk of Court entered that order. Because the Court granted Plaintiff leave to file an amended complaint, the Court has not ordered a judgment to be issued, which would have the effect of closing this action in this court. Even if the Court were to treat its August 1, 2022, order as a judgment, however, under Rule 4(a)(4), Plaintiff would have had 28 days from that date, or until August 29, 2022, to file a Rule 60 motion that would have extended the time to file a notice of appeal or would have delayed the point at which a filed notice of appeal would have become effective. Plaintiff did not file his Rule 60(b) motion until August 31, 2022. Accordingly, Rule 4(a)(4) does not apply.

Plaintiff's notice of appeal is, however, timely, as he filed it on August 31, 2022, 30 days after the entry of the Court's August 1, 2022, order. *See* Fed. R. App. P. 4(a)(1)(A). Thus, the notice of appeal divests this Court from considering Plaintiff's motion for an extension of time to file an amended complaint in compliance with the Court's August 1, 2022, order. Accordingly, the Court denies that motion for lack of jurisdiction, but without prejudice to Plaintiff's filing another such motion once the Court of Appeals has disposed of his appeal.

As to Plaintiff's Rule 60(b) motion, because Plaintiff filed a timely notice of appeal, the Court retains jurisdiction only to deny such a motion. For the reasons discussed below, the Court also denies Plaintiff's Rule 60(b) motion.

B.     **Rule 60(b) relief**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion based on reasons (1), (2), or (3) of that rule must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

In his Rule 60(b) motion, Plaintiff does not demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Rather, he disagrees with the Court's determination, in its August 1, 2022, order, as to when his claims under federal law appear to have accrued and when the applicable limitations periods for those claims appear to have expired. (*See* ECF 5, at 1-2.) The Court therefore denies Plaintiff relief under Rule 60(b)(1) through (5).

To the extent that Plaintiff seeks Rule 60(b)(6) relief, such relief is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (internal quotation marks and citation omitted).

For the reasons discussed above, Plaintiff has also not demonstrated that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore denies Plaintiff Rule 60(b)(6) relief.

## CONCLUSION

The Court construes Plaintiff's application (ECF 5) as a motion seeking relief from a judgment or order, brought under Rule 60(b) of the Federal Rules of Civil Procedure. The Court construes Plaintiff's motion to adjourn (ECF 7) as a motion for an extension of time to file an amended complaint in compliance with the Court's August 1, 2022, order. The Court denies Plaintiff's Rule 60(b) motion, and denies Plaintiff's motion for an extension of time without prejudice to Plaintiff's filing another such motion once the United States Court of Appeals for the Second Circuit has disposed of his appeal.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 8, 2022
        New York, New York

                                /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                                Chief United States District Judge